18-2614-cv
Saber v. N.Y. State Dep't of Fin. Servs.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand nineteen.

PRESENT:   GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
ANN M. DONNELLY,*
*District Judge*.

------------------------------------------------------------------

NASSER SABER,

*Plaintiff-Appellee*,

v.                                                                              No. 18-2614-cv

NEW YORK STATE DEPARTMENT OF
FINANCIAL SERVICES,

*Defendant-Appellant*.

------------------------------------------------------------------

---

* Judge Ann M. Donnelly, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLEE: DORIS G. TRAUB, Traub & Traub, P.C. New York, NY (Stephen Bergstein, Bergstein & Ullrich, LLP, New Paltz, NY; Margaret McIntyre, Esq., New York, NY, *on the brief*).

FOR DEFENDANT-APPELLANT: LINDA FANG, Assistant Solicitor General (Steven C. Wu, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

The New York State Department of Financial Services (DFS) appeals from the denial by the District Court (Schofield, J.) of its post-verdict motion for judgment as a matter of law, or, alternatively, for a new trial, after a jury found DFS liable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. for discriminating against Nasser Saber based on his national origin when it

failed to promote him. The jury also found that DFS had retaliated against Saber in violation of Title VII for filing a complaint with the federal Equal Employment Opportunity Commission (EEOC). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

On liability, DFS argues that the jury's answer to a special interrogatory on the verdict form demonstrates a level of jury confusion that warrants a new trial. DFS also argues that the trial evidence was insufficient to support Saber's claims. Upon review of the record on appeal, we reject these arguments and affirm the judgment substantially for reasons stated by the District Court in its July 20, 2018 opinion and order. Saber v. N.Y. State Dep't of Fin. Servs., No. 15-cv-5944 (LGS), 2018 WL 3491695, at *5–6, 8–9 (S.D.N.Y. July 20, 2018).

As for damages, DFS argues that the District Court erred in calculating Saber's damages award using a comparator hired from outside of the civil service. On appeal, DFS points us to the New York State Department of Civil Service's State Personnel Management Manual (the Manual), which states that § 131.1-a of the state civil service law applies only to external candidates who are

3

hired from outside the New York civil service.  See N.Y. State Dep't of Civ. Serv., State Personnel Mgmt. Manual, § 870(F).122; but see id. § 870(F).221 (suggesting "[e]xceptions may be allowed").  But DFS failed to make the District Court aware of the Manual and relies on it for the first time only on appeal, and in any event the District Court had some discretion in using the salaries of comparators to determine backpay in this case.  We therefore affirm the District Court's damages award.  See Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 166 (2d Cir. 1998) (noting that salaries of comparators may be used to calculate backpay "only insofar as the plaintiff lays a sufficient foundation to permit the reasonable inference that his salary would have matched…the salaries of others").

We have considered DFS's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court

4